## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _'11 — CV — 01849 -REB-CBS_
<small>(To be supplied by the court)</small>

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 5 2011

GREGORY C. LANGHAM
CLERK

_Boyd, Shantung C._ ,
Plaintiff,

v.

_Union Pacific Railroad &_ ,
Defendant. _IAMAW- International Association of Machinists and Aerospace Workers_

## TITLE VII COMPLAINT

### PARTIES

1. Plaintiff _Shantung Boyd_ is a citizen of _United States_
who presently resides at the following address:
_4400 S. Monaco St. #824 Denver, CO 80237_

2. Defendant _Union Pacific Railroad &_  lives at or is located at the following
address:
_International Assoc. of Machinists & Aerospace Workers_
_5929 Pecos St. Denver, CO 80221_
Attach a separate page, if necessary, to list additional parties.

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location: _U P R R /_
_5929 Pecos St. Denver, CO 80221_ _Maintenance of Way Shop_

6. Jurisdiction also is asserted pursuant to the following statutory authority:
_N/A_

(Rev. 07/06)

**ADMINISTRATIVE PROCEDURES**

7.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity
    Commission or other appropriate administrative agency on Dec. 3, 2009 & (date)
    regarding the alleged discriminatory conduct by Defendant(s).  Nov. 18Th 2010

8.  Plaintiff received from the Equal Employment Opportunity Commission or other
    appropriate administrative agency a Notice of Right to Sue the Defendant(s) on
    4-20-2011 (date).  (Please attach to the complaint a copy of the Notice of Right
    to Sue.)

## NATURE OF THE CASE

9.  Defendant has discriminated against Plaintiff because of the following: (please check all
    that apply)

    __X__ Race          _____ Color          _____ Religion

    __X__ Sex           _____ National Origin

    __X__ Other (please specify)  Retaliation _____

10. Defendant has discriminated against Plaintiff because of the following: (please check all
    that apply)

    _____ Failure to hire

    _____ Failure to promote

    __X__ Demotion/discharge from employment

    __X__ Other (please specify)  Hostile Work Environment

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.
Alternatively, you may attach to the complaint a copy of the charge of discrimination
you submitted to the Equal Employment Opportunity Commission.)

Union Pacific Railroad - Hostile Work Environment
- Discrimination
- Retaliation
- Wrongful termination

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

IAMAW - International Association of
           Machinists and Aerospace Workers

Union Misrepresentation

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

I am asking the courts to grant me Frontpay, Backpay, Compensatory Damages, Punitive Damages, Attorney fees, Reinstatement, and all other reliefs the courts deems proper.

Date: 7-15-2011

Shantung Boyd
(Plaintiff's Original Signature)

4400 S. Monaco St. #824
(Street Address)

Denver, CO 80237
(City, State, ZIP)

720-280-1245
(Telephone Number)

(Rev. 07/06)

6

Dear Attorney,

My name is Shantung Boyd. I am a black female, age 40. I worked at Union Pacific Railroad from Feb.5th, 2007 to Nov.9th, 2009. I was hired as a Clerk, got laid off March 31st, 2008, and then rehired as a Machinist Helper, May 9th, 2008. My employment ended on the said date due to wrongful termination.

This is a machine shop where Mechanics/Machinists repair and rebuild the machines used to build and maintain railroad tracks. The employees are mostly men, maybe 90% White, a few Hispanics, one African American, and three other women also White. At the time I was terminated, there were four Helpers, one White male, one Hispanic male, and myself. The three of us worked "out on the floor". The fourth helper was one of the other women. She worked in the office. There were four foremen; three of them White and one American Indian. There was also a management team which included two White Men and one Hispanic woman. We worked Monday – Friday 7:00AM to 3:30 PM. The foreman in charge of the helpers was a White male due to retire in May of 2010. His name is Mr. Patrick Merritt.

The duties of a helper were to clean the shop, assist the machinist, if assigned to one, and wash machines on an alternating basis. When a helper was assigned to the wash building, he or she was required to wear a heavy green jumpsuit to protect him or her from the cleaning chemicals, dirt, grime, grease, rocks or whatever was on the machines. These machines were to be washed before coming into the shop. Whichever mechanic the machine was assigned to, he was allowed to look over the machine to make sure it was clean to his satisfaction. The majority of these machines that came in the wash building were extremely filthy. Washing a machine consisted of spraying the machine with a very high pressured wand with the water being a very high temperature.

When out on the floor, all employees are required to wear Personal Protective Equipment (PPE). Our normal PPE consisted of a hard hat, safety glasses, ear plugs, and steel toe boots. If an employee needed to replace any PPE it was to be signed out. Signing out any item requires employees to write the date, the item, and his or her initials. A foreman or whoever was in charge of the tool room at that specific time would give the employee the item and also initial for approval. There was no limit on signing out PPE due to safety being the number one priority of UP Railroad. If an employee had a specific assignment, sometimes that employee would have to wear special PPE. Special PPE may include a respirator, gloves, goggles, face shield, jumpsuits, etc.

Every morning at 7AM, a manager would take roll call and proceed with a general safety meeting which took place in the employee lunch room. The meeting lasted approximately 10 to 15 minutes. After the meeting, we all went out on the floor, separated into our assigned groups and did our morning stretches which lasted about 5 to 10 minutes. The mechanics would then go to their work area to begin working. The helpers would meet in a specific area to have a second safety meeting with our foreman, Mr. Merritt. After this second safety meeting, we also reported to our area.

The week of Monday, Nov.2nd, I was assigned to the wash building. When I was in the wash building, before starting my shift, I would go to our tool room

and sign out a new suit at least 3 days out of the week, because the suit worn on the previous work day may have gotten really nasty and sweaty, sometimes torn; and at the end of my shift, I would put the suit in the trash. I had been doing this for approximately three or four months. On Friday, Nov.6[th], during the second safety meeting, Mr. Merritt informed us that we were to make the suits last the entire week while in the wash building. After the meeting, I went to the tool room to get my new suit because the previous suit was already in the trash. Mr. Merritt noticed I had a new suit and asked me, "Does Rowe (one of the managers) know you have that suit." I told him no and went on to explain to him why I had the new one. I reported to the wash building and within 10 minutes, our Union Rep. was there saying that a Manager wants to see me. He and I went to the conference room where the whole team of Managers was waiting. We discussed the situation about the suit. I gave them my side of the story and went on to explain that I feel I am being harassed by Mr. Merritt for a long time now and how stressed I had become behind the many meetings we had in regards to Mr. Merritt and I not seeing eye to eye. The discussion went from the suit, to them accusing me of having a bad attitude and basically making me out to be a troublemaker. I continued to try and get them to understand my feelings on how much I enjoyed working there and how I got along with just about every employee and Mr. Merritt was the only one who seemed to have a problem with me. My emotions took over and I began to cry. I wanted them to help me defuse the hostile work environment. They refused and sent me home.

Once I got home, I immediately called our Employee's Assistance Program (EAP). I explained to them what had just happened and that I wanted to speak to a counselor. After a series of questions, she gave me the name and telephone number of a counselor. His name is Dr. Rosenblum. I called him and scheduled an appointment for Nov.12[th].

On Monday, Nov. 9th, I went to work and after the first safety meeting, I was told to report to the Manager's office and that's when I was terminated. I was accused of violating Rule 1.6 Conduct – Insubordinate, Quarrelsome, and Discourteous. On Nov.16[th], I was presented with a leniency agreement that I could return to work upon certain stipulations that I was to follow for a probationary period of 18 months. The Union and I felt it was too extreme and that I should proceed with an investigation. An investigation hearing was held on Dec.15[th], 2009 at 9:00am. Mr. Carter Jones, Director of the shop, came from Omaha Neb. to preside over the hearing. One of the Union Representatives, Mr. Juan Lopez, objected to him being the hearing officer because he was the Director and felt that I would not receive a fair hearing. The objection was noted and the hearing proceeded with Mr. Jones.

On Dec. 23rd, I received a copy of the transcripts and a letter in regards to the hearing, stating that there was insufficient evidence presented to sustain the charges and that now I was being accused of violating Rule 1.6 Conduct – Dishonesty. A second hearing was scheduled for Jan. 5th, 2010.

On Tuesday, Jan. 5th, I reported to the shop for the second hearing. Instead of the hearing being held, I was greeted by Mr. Joe Hendricks with an apology and an offer of having my job back, BUT, I still had to sign the leniency agreement.

Again, I disagreed to the agreement stating that it was too extreme for the accusation. After a brief discussion with Terry Kruciak, General Chairman of the Union, I agreed to sign the papers; with the verbal understanding that after 6 months, a review of the agreement will take place, Mr. Merritt was retiring and that I would have a new foreman, and most importantly, because I wanted to continue my career with UP. I requested and was allowed to be on medical leave due to emotional distress of losing my job and my house. I also continued seeing Dr. Rosenblum.

On March 22nd, I reported to work under a new foreman, Craig Lund (former Machinist). Mr. Merritt had not yet retired. He trained Mr. Lund. I felt that this would cause Mr. Lund to form a bias opinion towards me and also continue a hostile work environment. Three weeks later I was being called to the Manager's Office. From that point on, I felt I was being singled out. The harassment continued and I no longer felt comfortable coming to work.

On October 15th, 2010, I was terminated a second time; again being accused of violating Rule 1.6 Conduct. I filed a charge of Retaliation with the EEOC on Nov. 18th, 2010 and on April 20th, 2011, I received letters from the EEOC giving me the right to sue and that I have 90 days to file my case in court.

To help support myself, in November, 2010, I started cooking and delivering lunch to some of my friends including some of the guys at UPRR. February 13th, 2011, I was asked to stay off UPRR property due to trespassing. Then I received notice on where I could park to continue to make my deliveries, as long as I wasn't on the property exceeding the gate. On March 13th, UPRR Police issued me a citation for Criminal Trespassing. I am currently unemployed and seeking an attorney to help me file my case in court. My career, home, and my entire life were all taken away due to being falsely accused of the allegations made by the Managers of Union Pacific Railroad. I have witnesses and documentation to support my case. Will you please help me?

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 541-2011-00141 |

| Colorado Civil Rights Division | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* Ms. Shantung C. Boyd | Home Phone *(Incl. Area Code)* | Date of Birth 01-18-1970 |
|---|---|---|
| Street Address 4400 S. Monacco St., #824, | City, State and ZIP Code Denver, CO 80237 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name UNION PACIFIC RAILROAD | No. Employees, Members 500 or More | Phone No. *(Include Area Code)* (303) 405-5229 |
|---|---|---|
| Street Address 5929 Pecos St., | City, State and ZIP Code Denver, CO 80221 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | Earliest 10-08-2010   Latest 10-15-2010 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I filed previous charge of discrimination 541-2010-00346. In January 2010 and since filing the previous charge, I was forced to agree and sign a Leniency Agreement and be placed on an 18 month probationary period in order to return to work. After returning to work on about March 22, 2010, I have worked without incident. On October 8, 2010, during an evacuation drill of the machinist shop a white female co-worker initiated and aggressively yelled and threatened me after only knocking on a trailer. On October 15, 2010, the Senior Manager discharged me.

I was told I was discharged for verbally and physically threatening this female and for violating the Leniency Agreement. However, I was not the aggressor nor did I initiate any conflict with this female, she was the one who was the aggressor. The white female was not treated in the same or similar manner as I was.

I believe I have been discriminated against because I am a black female in violation of Title VII of the Civil Rights Act of 1964, as amended and in retaliation for filing previous charge of discrimination 541-2010-00346.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 18, 2010 _____ Date    *Shantung Boyd* Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 541-2010-00346 |

| Colorado Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Shantung C. Boyd | (303) 400-5206 | 01-18-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| Po Box 471016, Aurora, CO 80047 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNION PACIFIC RAILROAD | 500 or More | (303) 405-5229 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5929 Pecos,  Denver, CO 80221 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **11-09-2009**   Latest **11-09-2009**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My date of hire was February 5, 2007.

On November 9, 2009, I was terminated from my Machinist Helper position. I was the only Black female and one of two females working in the Denver M/W Shop. I was performing the duties of my position satisfactorily and have never received any prior levels of discipline. I have requested but have been denied a transfer to a different supervisor.

I believe I have been discriminated against based on my sex, female and race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Dec 03, 2009          Shantung Boyd<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Shantung C. Boyd<br>4400 S. Monacco St., Apt. 824<br>Denver, CO 80237 | From: | Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2011-00141 | Colleen J. Scaramella,<br>Enforcement Supervisor | (303) 866-1348 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Colleen Scaramella*

4-20-11

Enclosures(s)

for Nancy A. Sienko,
Director

*(Date Mailed)*

cc: Melissa Schop
Sr. EEO Associate
UNION PACIFIC RAILROAD COMPANY
1400 Douglas Street
Stop 0310
Omaha, NE 68179

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Shantung C. Boyd
4400 S. Monacco St., Apt. 824
Denver, CO 80237

From:  Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2010-00346 | Colleen J. Scaramella,<br>Enforcement Supervisor | (303) 866-1348 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Colleen Scaramella_                         4-20-11

Enclosures(s)

for Nancy A. Sienko,
Director                                          (Date Mailed)

cc:  Melissa Schop
Sr. EEO Associate
UNION PACIFIC RAILROAD COMPANY
1400 Douglas Street
Stop 0310
Omaha, NE 68179